69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gloria PALMA, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-16032.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Decided Nov. 2, 1995.
 
 Before: SCHROEDER, FLETCHER and RYMER, Circuit Judges.
 MEMORANDUM*
 Gloria Palma appeals from the grant of summary judgment affirming the ALJ's denial of disability benefits relating to a variety of injuries. She contends that no substantial evidence supports the determination that she has no severe impairment and that she can return to her past relevant work, and that the district court erred in determining that new evidence by a vocational expert did not warrant remand.[1] We have jurisdiction and we reverse because there is no basis in the record for concluding that Palma had minimal mental impairments such that she could do her past relevant work, including work on electronics assembly, as the ALJ found, or that she did not have a severe mental impairment. As we remand on these grounds, we do not consider the vocational expert issue.
 While we do not fault the ALJ's determination that Palma's physical capacity left her capable of performing medium work, we cannot say the same for the ALJ's consideration of Palma's mental capacity. In light of evidence from Dr. Barbour, upon which the ALJ relied, that Palma had only a "fair" (seriously limited) ability to relate to people, use judgment, carry out complex job instructions and interact with supervisors; that she had an IQ at the borderline of disability; and that, as Dr. Jones put it, she was unlikely to "master sufficient resources to be competitively employable," there is no substantial basis upon which the ALJ could find that she could perform her past relevant work, including work in electronics assembly, or that she had no severe mental impairment that significantly limited her mental ability to do basic work activity. We therefore remand.
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Palma seeks to overturn the decision of the ALJ on the basis of lack of substantial evidence, the excerpts of record contain none of the evidence presented to the ALJ. While we have obtained and reviewed the administrative record in this case, it is the party's obligation to provide to the court copies of material portions of the factual record. See Circuit Rules 30-1.2(d), 17-1.2; see also Circuit Rule 17-2